**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* HENRY B. HELLER,<br><br>　*Plaintiffs*,<br><br>v.<br><br>GUARDIAN PHARMACY, LLC, and GUARDIAN PHARMACY OF ATLANTA, LLC,<br><br>　*Defendants*. | Civil Action File No.:<br><br>1:18-cv-03728-SDG |

**DEFENDANT GUARDIAN PHARMACY, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant Guardian Pharmacy, LLC ("Guardian Pharmacy") submits this Brief in Support of its Motion to Dismiss to show that the Court should dismiss Relator Henry B. Heller's ("Relator" or "Heller") Amended Complaint (Doc. 24) pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Even if all of Relator's factual allegations are accepted as true for purposes of this motion (though Guardian Pharmacy does not make any concession to the veracity of those allegations), Relator is not entitled to any relief from this Court.

**I.　INTRODUCTION**

Guardian Pharmacy incorporates by reference the entirety of Guardian Pharmacy of Atlanta, LLC's ("Guardian Atlanta") Brief in Support of Motion to

Dismiss ("Guardian Atlanta's Brief").[1] This is because Relator's Complaint seeks to hold Guardian Pharmacy responsible for the alleged actions and practices of Guardian Atlanta, and his allegations as to Guardian Pharmacy are limited in scope to Guardian Atlanta. Because Relator has not stated a claim against Guardian Atlanta, and his claims against Guardian Pharmacy are entirely derivative of those claims, his claim against Guardian Pharmacy likewise fails.

Further, Guardian Pharmacy moves separately because, even if Relator's Complaint did state a claim against Guardian Atlanta, Relator's Complaint fails to plead facts that would make Guardian Pharmacy responsible for Guardian Atlanta. This is because Relator does not allege any wrongdoing as to Guardian Pharmacy, but rather impermissibly seeks to lump Guardian Pharmacy together with Guardian Atlanta. For these reasons, in addition to the reasons set forth in Guardian Atlanta's Memorandum, Relator's Complaint must be dismissed as to Guardian Pharmacy.

## II.   FACTUAL BACKGROUND

The allegations in the Complaint regarding Guardian Pharmacy are exceedingly sparse and limited to Guardian Pharmacy's relationship with Guardian Atlanta. This is not surprising, as Relator's interactions with Guardian

---

[1] Doc. 32.

Pharmacy stem almost exclusively from Relator's employment at Guardian Atlanta.[2] Relator's pharmacy was acquired by Guardian Atlanta in 2017, and Relator was contracted by Guardian Atlanta as an account management consultant as a result of that transaction.[3] Relator claims his "first-hand knowledge" is based on his role at Guardian Atlanta.[4]

For the most part, the Relator has indiscriminately lumped together Guardian Pharmacy and Guardian Atlanta as collectively, "Guardian" or "Defendants."[5] The following are a few examples of Relator's indiscriminate use of "Guardian" and "Guardian Pharmacy" where he could not mean to include "Guardian Pharmacy, LLC":

- Relator alleges at one point that "Guardian contracted with Mr. Heller"[6] without explaining whether he meant Guardian Atlanta, Guardian Pharmacy, or both, before later alleging that "Relator was contracted by Guardian Pharmacy of Atlanta"[7] and then later again alleging, vaguely

---

[2] Am. Compl. ¶¶ 142-148.
[3] Am. Compl. ¶¶ 142-143.
[4] Am. Compl. ¶¶ 145-146.
[5] *See, e.g.,* Am. Compl. ¶¶ 1, 18.
[6] Am. Compl. ¶ 15.
[7] Am. Compl. ¶ 143.

and without explanation, that Relator was "working for Guardian."[8]

- Relator vaguely alleges that Matthew Hopp is "Guardian's President" (without specifying whether he means to allege that Mr. Hopp is the President of Guardian Atlanta, of Guardian Pharmacy, or of both).[9]

- With respect to his "Free or Below FMV Medication Management" allegations, Relator alleges that "Guardian of Atlanta maintains a 'Consulting Department,'" but then alleges that "Guardian" performs the consulting.[10]

Relator's sloppy conflation and consolidation of Guardian Pharmacy and Guardian Atlanta into one wrongdoing monolith has left few averments directly referencing any action allegedly taken by, or attributable to, Guardian Pharmacy.

In the limited instances where Relator does make any specific reference to Guardian Pharmacy, he mainly alleges the relationship between Guardian Pharmacy and Guardian Atlanta. Relator first identifies the corporate relationship between Guardian Pharmacy and Guardian Atlanta, alleging that Guardian is "a member and majority owner of [Guardian Atlanta]."[11] Thereafter, Relator

---

[8] Am. Compl. ¶ 148.
[9] Am. Compl. ¶ 15.
[10] Compare Am. Compl. ¶ 157 with Am. Compl. ¶¶ 158-164.
[11] Am. Compl. ¶ 18.

describes Guardian Pharmacy as the "Home Office," and alleges that Guardian Pharmacy "owns and operates" various "Partner Pharmacies," including Guardian Atlanta, that are "operated jointly by Guardian Pharmacy and a local management team."[12] Relator goes on to claim that "Guardian Pharmacy develops national and regional sales strategies for the entire company, conducts training for all sales representatives and other employees, and exerts control over the billing process, contracting, finance and legal functions for the Partner Pharmacies."[13] Then, without any supporting facts, Relator alleges that "Guardian Pharmacy controls the overall operations and strategic direction of [Guardian Atlanta.]"[14] Relator does not describe any of these strategies, training, or control from Guardian Pharmacy, nor does he explain how they influenced or led to the purported misconduct at Guardian Atlanta.

Aside from these broad-brush corporate relationship claims, the only allegations of any activities or statements attributed to any Guardian Pharmacy employee or officer, separate and distinct from its mere relationship with Guardian Atlanta, are contained in seven paragraphs of the Complaint, which

---

[12] Am. Compl. ¶¶ 121-127. Relator does not allege any facts regarding any "Partner Pharmacies" other than Guardian Atlanta.
[13] Am. Compl. ¶ 126.
[14] Am. Compl. ¶ 139.

describe a national sales meeting held on March 23-24, 2017.[15] At this meeting, Relator alleges that he "observed a compliance presentation by Bob Weir, Vice President, Operations & Regulatory Support for Guardian Pharmacy."[16] But Relator acknowledges that, with respect to medication audits, "Mr. Weir then asked, 'Now everyone is charging for this right?,' or words to that effect."[17] Relator further alleges that he "publicly addressed" Kendall Forbes, Executive Vice President for Sales & Operations of Guardian Pharmacy, "before the audience [at the national sales meeting] and stated that federal guidelines require pharmacies to charge for audits" and that "Mr. Forbes acknowledged Relator's remark."[18] But even though the *actual* statements uttered from these Guardian Pharmacy officers were not remotely problematic, Relator alleges that he interpreted their "demeanor" and succinct response to Relator's statement as suggesting the opposite.[19] But Relator does not allege any specific facts to show that Guardian Pharmacy directed or encouraged any of its affiliated pharmacies—not Guardian Atlanta and not any other "Partner Pharmacies"—to violate the AKS.

---

[15] Am. Compl. ¶¶ 187-193.
[16] Am. Compl. ¶ 189.
[17] Am. Compl. ¶ 190.
[18] Am. Compl. ¶¶ 192-193.
[19] Am. Compl. ¶¶ 190-193.

Aside from blanket allegations and baseless mind-reading, the Complaint contains no averments whatsoever regarding any action or inaction by, or attributable to, Guardian Pharmacy, save for the baseless and indiscriminate lumping together of Guardian Pharmacy and Guardian Atlanta as "Guardian" or "Defendants."

### III.   ARGUMENT

#### A.   Relator fails to state a claim against Guardian Pharmacy

Dismissal of Guardian Pharmacy is required by Rules 9(b) and 12(b)(6) because Relator comes nowhere close to carrying his burden to state a claim with particularity as it pertains to Guardian Pharmacy. First, Relator's allegations against Guardian Pharmacy relate solely to purported AKS and FCA violations by Guardian Atlanta. Because Relator has failed to state a claim against Guardian Atlanta, there is no conceivable basis for holding Guardian Pharmacy liable. Second, Relator neither pleads with particularity, nor even attempts to allege, when, how, and where Guardian Pharmacy allegedly participated in the fraudulent scheme alleged as to Guardian Atlanta as required to state a claim under the FCA. Third, Relator cannot impose vicarious liability upon Guardian Pharmacy for any FCA violations by Guardian Atlanta. Even if Relator had alleged facts sufficient to state a claim under the FCA against Guardian Atlanta (he did

not), he has not pled facts sufficient to pierce the corporate veil to hold Guardian Pharmacy liable for the acts of its affiliate.

> **1. Because Relator's claims against Guardian Pharmacy are inextricably tied to his claims against Guardian Atlanta, Relator's claims against Guardian Pharmacy should be dismissed for the same reasons.**

Relator's Amended Complaint does not attempt to allege any misconduct at any Guardian-affiliated pharmacy other than Guardian Atlanta. Because the allegations as to Guardian Pharmacy are premised entirely upon the liability of Guardian Atlanta, Relator's Amended Complaint must be dismissed as to Guardian Pharmacy for the same reasons that it must be dismissed as to Guardian Atlanta. Accordingly, Guardian Pharmacy incorporates by reference the entirety of Guardian Atlanta's Brief.[20]

> **2. Relator has not pled his claims against Guardian Pharmacy with sufficient detail.**

A relator is required to satisfy "rigorous" and heightened pleading standards of Rule 9(b) to plead an FCA claim.[21] "The complaint must satisfy Rule 9(b) with respect to each defendant and some allegations as to each defendant's

---

[20] Doc. 32.
[21] *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir. 2002); *Univ. Health Servs., Inc., v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2002-04 (2016).

8

role in the fraud is part of this requirement."[22] The relator must plead with particularity (1) the precise statements or omissions made, including the specific documents or oral representations, (2) the time and place of each such statement, (3) the person who made the statement, (4) the content of the statements and the manner in which they misled the plaintiff, and (5) what the defendants obtained as a consequence of the fraud.[23]

Further, it is well-established that merely "[b]eing a parent corporation of a subsidiary that commits a FCA violation, without some degree of participation by the parent in the claims process, is not enough to support a claim against the parent for the subsidiary's FCA violation."[24] Thus, Guardian Pharmacy's alleged status as "majority owner" of Guardian Atlanta—which is virtually all that Relator alleges against Guardian Pharmacy—is insufficient to warrant Guardian

---

[22] *United States v. Gericare Med. Supply Inc.*, No. CIV.A.99-0366-CB-L, 2000 WL 33156443, at *9 (S.D. Ala. Dec. 11, 2000) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (per curiam)).
[23] *Clausen*, 290 F.3d at 1310.
[24] *U.S. ex rel. Tillson v. Lockheed Martin Corp.*, 2004 WL 2403114, at *33 (W.D. Ky. 2004); *see U.S. ex rel. Lawson v. Aegis Therapies, Inc.*, Case No. 210-CV-72, 2013 WL 5816501, at *4-5 (S.D. Ga. Oct. 29, 2013) (dismissing parent company in FCA case alleging overbilling of therapy services in skilled nursing facilities); *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 60 (D.D.C. 2007) ("Except in unusual circumstances, courts will not disregard the separate identities of a parent and its subsidiary, even a wholly-owned subsidiary.").

Pharmacy's inclusion in this lawsuit. "The [FCA] does not penalize [a defendant] for what [another defendant] did. It penalizes [a defendant] for what it did."[25]

Relator's Complaint fails to satisfy Rule 9(b)'s heightened pleading requirements because it indiscriminately groups Guardian Pharmacy and Guardian Atlanta into one wrongdoing monolith. Relator acknowledges that Guardian Pharmacy and Guardian Atlanta are separate and distinct entities,[26] but the Complaint contains only generalized allegations against Guardian Pharmacy and Guardian Atlanta collectively, save for one reference to a sales meeting.[27] Relator asserts no fault in what either Guardian Pharmacy employee said at this meeting, but instead speculates that their demeanor suggests that they did not mean what they actually said.[28] But even if Relator's attempted mind-reading could change the meaning of the words that were uttered, Relator does not even attempt to allege any relationship between this national sales meeting and any of the alleged practices at Guardian Atlanta. In short, the few references to Guardian Pharmacy in Relator's Amended Complaint fall far short of alleging with

---

[25] *U.S. v. Bornstein,* 423 U.S. 303, 312 (1976).
[26] Am. Compl. ¶¶ 16-18.
[27] Am. Compl. ¶¶ 190-193.
[28] *Id.*

particularity that Guardian Pharmacy violated the False Claims Act.

### 3. Relator may not pierce the corporate veil to hold Guardian Pharmacy liable for the alleged misconduct of Guardian Atlanta.

In the absence of specific allegations that Guardian Pharmacy participated in any False Claims Act violation, Relator may not hold Guardian Pharmacy liable for "merely being a parent, or an associated corporation, of a subsidiary that commits an FCA violation."[29] Rather, Relator "must demonstrate that the parent and the associated corporations are liable under a veil piercing or alter ago theory, or that they are directly liable for their own role in the submission of false claims."[30] Relator's Complaint does not show that Guardian Pharmacy should be liable for the actions of Guardian Atlanta.

"Only in unusual circumstances will courts disregard the separate identities of a parent and its subsidiary, even a wholly-owned subsidiary."[31] To pierce the corporate veil, a complaint must allege sufficient facts to show "(1) that there is a unity of interest and ownership among Defendants that makes their separate

---

[29] *U.S. ex rel. Schaengold v. Mem'l Health, Inc.*, 4:11-CV-58, 2014 WL 6908856, at *12 (S.D. Ga. Dec. 8, 2014) (citing *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 59–60 (D.D.C. 2007)).

[30] *Id.* (citing *Hockett*, 498 F. Supp. 2d at 60) (internal quotations omitted).

[31] *Lawson*, 2013 WL 5816501, at *4 (quoting *Hockett*, 498 F. Supp. 2d at 60) (internal quotations omitted).

personalities no longer exist and (2) that an inequitable result would flow from treating Defendants separately."[32]

Here, Relator has failed to allege that Guardian Pharmacy abused its corporate form. Relator has alleged no facts showing that Guardian Pharmacy controlled Guardian Atlanta, other than conclusory declarations that "Guardian Pharmacy controls the overall operations and strategic direction of [Guardian Atlanta.]"[33] Likewise, there are no facts showing why an inequitable result would flow from treating Guardian Pharmacy and Guardian Atlanta as distinct legal entities. Moreover, Relator has not alleged that Guardian Pharmacy and Guardian Atlanta's corporate forms were used to violate the FCA. Instead, Relator essentially describes Guardian Pharmacy's headquarters, industry, and relationship to Guardian Atlanta at a high level of generality. This alleged relationship falls far short of showing a plausible claim under the FCA.[34] Accordingly, dismissal of Guardian Pharmacy is appropriate on this basis as Guardian Pharmacy and Guardian Atlanta are not one and the same, and Relator

---

[32] *Id*.
[33] Am. Compl. ¶ 139.
[34] *See Lawson*, 2013 WL 5816501, at *4-5 (dismissing a veil-piercing action for failing to meet Rule 9(b)'s requirements); *see also U.S. v. Universal Health Servs., Inc.*, No. 1:07CV00054, 2010 WL 4323082, at *4 (W.D.Va. Oct. 31, 2010) (same) and *Schaengold*, 2014 WL 6908856, at *12 (same).

has not pled facts with particularity to pierce the corporate veil.

## IV. CONCLUSION

This lawsuit—in which the Government declined to intervene—should go no further. Relator has not stated a viable claim against Guardian Atlanta. Moreover, even if he had stated a viable claim as to Guardian Atlanta, Relator should not be afforded the opportunity to subject Guardian Pharmacy to expensive discovery through haphazard and indiscriminate conflation and lumping-together of Guardian Pharmacy and Guardian Atlanta. Accordingly, Guardian Pharmacy asks the Court to grant its motion to dismiss.

Respectfully submitted this 5th day of May, 2020.

ARNALL GOLDEN GREGORY LLP

*/s/ W. Jerad Rissler*
W. Jerad Rissler
Georgia Bar No. 142024
jerad.rissler@agg.com
Glenn P. Hendrix, Esq.
Georgia Bar No. 346590
glenn.hendrix@agg.com
171 17th Street, Suite 2100
Atlanta, Georgia 30363-1031
404.873.8500 (Telephone)
404.873.8501 (Facsimile)

*Attorneys for Defendant*
*Guardian Pharmacy, LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this pleading was prepared using Book Antiqua 13-point font in accordance with Local Rule 5.1(C).

This 5th day of May, 2020.

> */s/ W. Jerad Rissler*
> W. Jerad Rissler
> Georgia Bar No. 142024

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2020, I electronically filed the foregoing **DEFENDANT GUARDIAN PHARMACY, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all Counsel of Record.

> */s/ W. Jerad Rissler*
> W. Jerad Rissler
> Georgia Bar No. 142024

ARNALL GOLDEN GREGORY LLP
171 17th Street NW
Suite 2100
Atlanta, Georgia 30363-1031
Telephone: 404.873.8500
Facsimile: 404.873.8501