IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* HENRY B. HELLER,<br><br>     *Plaintiffs,*<br><br>v.<br><br>GUARDIAN PHARMACY OF ATLANTA, LLC,<br><br>     *Defendant.* | Civil Action File No.:<br><br>1:18-cv-03728-SDG |

**CONSENT PROTECTIVE ORDER**

WHEREAS, the parties have stipulated that good cause exists for the entry of a Protective Order to govern confidential materials in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e) to protect confidential information produced or disclosed in this litigation and for asserting privilege or other protection as to otherwise discoverable information in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure; and have agreed to the terms of this Protective Order, it is ORDERED:

1. **Scope.** This Protective Order permits parties and nonparties to designate certain documents and information in this case as CONFIDENTIAL PER

PROTECTIVE ORDER (the "Covered Information") and disclose such Covered Information in accordance with the procedures set forth below. This Protective Order is a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v)(A)-(B) of the Health Insurance Portability and Accountability Act ("HIPAA")'s Privacy Rule. It further sets forth the procedures for claiming privilege or other protections in withholding otherwise discoverable information.

2. **Covered Information.** The Covered Information includes documents, tangible things, and information that (1) a party reasonably and in good faith believes contain "a trade secret or other confidential research, development or commercial information" as defined in Fed. R Civ. P. 26(c)(1)(G); or (2) contain or reflect "Protected Health Information" ("PHI") as defined in 45 C.F.R. §§ 160.103 and 164.501. Documents, tangible things, and information that do not fall into one of these two categories shall not be considered Covered Information and shall not be designated as CONFIDENTIAL PER PROTECTIVE ORDER. Documents that are publicly available are not Covered Information.

3. **Form and Timing of Designation.**

   a. **Documents.** Documents containing Covered Information shall be so designated by placing or affixing the phrase "CONFIDENTIAL PER PROTECTIVE ORDER" on each page of the document in a manner

which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL PER PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL PER PROTECTIVE ORDER prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL PER PROTECTIVE ORDER shall be separately addressed.

b. **Deposition or Other Proceeding.** In the case of depositions or other pre-hearing testimony, designation of the portion of the transcript (including exhibits) which contains Covered Information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this litigation within ten (10) business days after the receipt of the official transcript of such proceeding. However, before such ten (10) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as CONFIDENTIAL PER PROTECTIVE ORDER material.

    c.    **Non-Written Materials.** Any non-written confidential material (e.g., videotape, audio tape, computer disk, etc.) that contains Covered Information may be designated as such by labeling the outside of such non-written material designated as "CONFIDENTIAL PER PROTECTIVE ORDER." In the event a receiving party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

4.    **Protection of Confidential Materials.**

a.    **General Protections.** Documents designated CONFIDENTIAL PER PROTECTIVE ORDER shall not be used or disclosed by the parties or their counsel of record or any other persons identified below for any purposes whatsoever other than this proceeding, including any appeal thereof.

b.    **Protection of PHI.**

    1)    A HIPAA Covered Entity (as defined in 45 C.F.R. § 160.103) may disclose PHI in the course of a judicial proceeding if certain "satisfactory assurances" are received. This Qualified Protective

        Order provides the requisite satisfactory assurances that HIPAA requires.  *See* 45 C.F.R. § 164.512(e)(1)(iv).

    2)     To the extent Covered Information includes PHI, the producing party may elect to conceal the identity of the subject of the record by coding the documents or electronically stored information to substitute a non-traceable or non-identifiable numerical or other designation for the patient's name or other identifying information, so long as the PHI information provided in regard to claims data is sufficient to identity the patients and cross-check with claims data obtained from the government.

    3)     PHI in a deposition may be designated by a statement to such effect on the record at any time before the end of each day or deposition is concluded.

c.     **Parties and counsel of record.**  The parties, their counsel of record, and all of their respective officers, directors, paralegals, employees and document services vendors may review CONFIDENTIAL PER PROTECTIVE ORDER documents and information without the prior approval of the opposing party, and without executing an

"Acknowledgement of Understanding and Agreement to be Bound" (Attachment A).

    d.    **The Court and its personnel.** This Court, its officers (including the jury) and supporting personnel, and any other appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel may review CONFIDENTIAL PER PROTECTIVE ORDER documents and information without the prior approval of the opposing party, and without executing an "Acknowledgment of Understanding and Agreement to be Bound" (Attachment A).

    e.    **Court Reporters.** Court reporters, stenographers, and videographers transcribing a deposition, conference, hearing, or trial may review CONFIDENTIAL PER PROTECTIVE ORDER documents and information without the prior approval of the opposing party, and without executing "Acknowledgment of Understanding and Agreement to be Bound" (Attachment A).

    f.    **Limited disclosure to nonparties.** Prior to disclosing CONFIDENTIAL PER PROTECTIVE ORDER documents to those persons or entities set forth in paragraphs 4(c), 4(d), and 4(e), Counsel

6

for the parties shall inform such persons that CONFIDENTIAL PER PROTECTIVE ORDER documents may not be used or disclosed for any purposes other than the litigation. Those persons or entities set forth in paragraphs 4(c), 4(d), and 4(e), shall not disclose or permit the disclosure of any documents or information designated CONFIDENTIAL PER PROTECTIVE ORDER to any other person or entity except those set forth below, and then only after the person to whom disclosure is to be made has executed an "Acknowledgment of Understanding and Agreement to be Bound" (Attachment A) that he or she has read and understands the terms of this Protective Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL PER PROTECTIVE ORDER:

1) Investigators, expert witnesses retained by the parties or their counsel of record in connection with the litigation, and other agents of the parties acting in connection with this proceeding;

2) Witnesses and their counsel in preparation for or during depositions, Court-mandated conferences or hearings, or the trial of this case,

>   although no copies of CONFIDENTIAL PER PROTECTIVE ORDER material shall be retained by such witnesses;
>
>   3) Any other persons upon consent of the producing party or upon order of the Court.
>
>   g. **Copies.**  All copies, duplicates, extracts, summaries or descriptions of documents designated as confidential under this Protective Order, or any portion of such a document, shall be affixed with the designation "CONFIDENTIAL PER PROTECTIVE ORDER" if the phrase does not already appear on the copy.  They shall then be afforded the full protection of this Protective Order.

5. **Party Use of its Own Documents.**  Regardless of a document's designation under this Protective Order, a producing party may continue to use and disclose its own documents in the ordinary course of business as permissible by law.

6. **Challenging a Designation.**  Any receiving party who believes that information designated as Covered Information does not warrant designation as CONFIDENTIAL PER PROTECTIVE ORDER or would impose an undue burden on the party's use of the document in this action must notify the designating party in writing (including via email).  The parties shall first meet and confer in good-faith to resolve any challenges to designated materials.  In the event that such a dispute

cannot be resolved by such effort, and if the receiving party informs the designating party, in writing, that it wishes for a judicial determination as to whether certain specific documents or category of documents (business plans, for example), identified by Bates number, are or are not confidential, the designating party will, within ten (10) business days, bring the matter to the Court's attention for a determination as to whether the designation is appropriate. If the designating party files such a motion, the parties shall continue to treat the materials as CONFIDENTIAL PER PROTECTIVE ORDER pending a ruling by the Court on such motion. If, however, the designating party does not file such a motion within the ten (10) business days referenced above, then the disputed information shall immediately be deemed non-confidential and not subject to this Protective Order. The burden rests on the designating party to demonstrate that such designation is proper under the terms of this Protective Order and applicable law. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

    7.    **<u>Filing Under Seal.</u>**

        a.    In accordance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases, when filing any information or document designated as CONFIDENTIAL PER PROTECTIVE ORDER with

the Court, a party must: (1) file the document sought to be sealed electronically as a provisionally sealed filing; and (2) file a motion for leave to file under seal.

b. Any documents (including briefs), tangible things, or information designated as CONFIDENTIAL PER PROTECTIVE ORDER that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

8. **Treatment on Conclusion of this Proceeding.**

a. **Protective Order Remains in Effect.** This Protective Order will remain in effect after termination of this proceeding.

b. **Return of CONFIDENTIAL PER PROTECTIVE ORDER Documents.** Within thirty (30) days after the termination of this proceeding, all documents treated as confidential under this Protective Order, shall be returned to the producing party or nonparty unless: (1) the document has been entered as evidence or filed with the Court; or (2) the receiving party opts for destruction in lieu of return. Notwithstanding the above requirements to return or destroy

documents, counsel of record may retain attorney work product, without limitation. An attorney may use his or her work product in a subsequent litigation provided that such use does not disclose information designated as CONFIDENTIAL PER PROTECTIVE ORDER.

9. **Claiming Privileges and Privilege Logs.**

a. **Withholding of documents subject to privileges or other protection (including work product).** In accordance with Fed. R. Civ. P. 26(b)(5)(A), when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material or some other applicable privilege or protection, the withholding party must:

(1) expressly make the claim; and

(2) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim, including a privilege log identifying:

(a) the Bates number(s) assigned to the document or other information or other unique number reference to each document on the log;

(b) the privilege or protection that the party believes justifies withholding the document or other information from production;

(d) the date of the document or other information;

(e) the nature or type of document or other information (*e.g.,* Word, email, PowerPoint, meeting notes, etc.);

 (f)  the author or sender of the document or other information, taken from the author or FROM field of the document;

 (g)   all recipients of the document or other information, including all data from the TO, CC or BCC field of the document; and

(h)  the source of legal advice, e.g., in-house counsel, outside counsel, with in-house counsel designated with an asterisk and outside counsel designated with a double asterisk.

The withholding party asserting a privilege or protection from production has the burden of establishing the privilege or other protection.

(3) The producing party shall produce a privilege log within fifteen (15) business days after the production of documents that contains documents that were withheld based on an assertion of privilege.

(4) Privilege logs shall be produced in an electronic format (i.e. Excel format) that allows text searching and sorting. Privilege logs need not be produced in native format provided they are produced in a searchable and sortable format.

(5) No privilege log entries shall be required as to communications that were or are made (a) subject to joint prosecution or similar agreements; (b) solely between parties and their outside counsel; (c) after the date of the filing of this matter; or (d) work-product materials generated in working directly on this matter.

10. **Modification and Challenge Permitted.** Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. This Protective Order shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

11. **No Ruling on Discoverability or Admissibility.** This Protective Order is entered for the purpose of facilitating discovery and protecting

confidentiality. Nothing herein shall be construed or presented as a ruling that any specific document or item of information designated as CONFIDENTIAL PER PROTECTIVE ORDER by counsel is subject to protection until such time as a document-specific ruling shall have been made. Nor does this Protective Order constitute a ruling on the question of whether any particular material is discoverable or admissible.

12. **<u>Persons Bound.</u>** This Protective Order shall take effect when entered and shall be binding upon: (1) counsel of record who signed below and their respective law firms and the U.S. Department of Justice; and (2) the parties to this litigation.

13. **<u>Relief from Protective Order.</u>** A party or nonparty needing relief from the provisions of this Protective Order may, if agreement between or among the parties cannot be reached, seek appropriate relief from the Court upon due notice to all other parties. This Protective Order is without prejudice to all rights of parties and nonparties regarding objections as to discovery and admissibility.

**SO ORDERED** this 29th day of March 2021.

_____
Steven D. Grimberg
United States District Court Judge