IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. HENRY B. HELLER,<br><br>*Plaintiffs*,<br><br>v.<br><br>GUARDIAN PHARMACY OF ATLANTA, LLC,<br><br>*Defendant*. | Civil Action File No.<br><br>1:18-cv-03728-SDG |

# ORDER UNDER FED. R. EVID. 502(d)

This Court, having read and reviewed Defendant Guardian Pharmacy of Atlanta, LLC's Motion for Entry of Order Under Fed. R. Evid. 502(d), and for good cause shown, **ORDERS** as follows:

I. APPLICABILITY

   a. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the Parties in this litigation as well

1

as testimony adduced at trial or during any hearing (collectively, "Information").

II. PRODUCTION OF MATERIALS

   a. The production of any privileged or otherwise protected Information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege or the work product protection.

   b. The production of privileged or work-product-protected documents, electronically stored information (ESI), or Information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, regardless of whether the producing party took reasonable steps to prevent disclosure or to rectify the error. Specifically, the provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or Information under this Order. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

   c. If a producing party becomes aware that it has produced any document or Information that is, or contains information, protected by the attorney-client privilege, work product doctrine, and/or any

other applicable privilege or protection, the producing party must notify the receiving party in writing and identify each such document with sufficient particularity to enable the receiving party to locate and return them to the producing party. Upon receiving written notice from the producing party that privileged or protected material has been produced, all such Information, and all copies thereof, shall be returned to the producing party within thirty (30) business days of receipt of such notice and the receiving party shall not use such Information for any purpose until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

d. The receiving party may contest the privileged or protected designation by the producing party by giving the producing party written notice of the reason for said disagreement. However, the receiving party may not challenge the privilege or protection by arguing that the disclosure itself is a waiver of any applicable privilege or protection. In the event the Parties are unable to resolve their disagreement, either party may seek an Order from the Court compelling the production of the material by utilizing the discovery dispute procedure set forth in the Court's standing order (ECF 70).

The parties shall continue to treat the Information as privileged or protected pending a ruling by the Court.

e. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected Information before production.

**SO ORDERED** this the 15th day of June 2021.

_____
Steven D. Grimberg
United States District Court Judge