## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA *ex rel.*
HENRY B. HELLER,

    Plaintiff,

               v.

GUARDIAN PHARMACY OF ATLANTA,
LLC,

    Defendant.

Civil Action No.
1:18-cv-03728-SDG

### OPINION AND ORDER

This matter is before the Court on Defendant Guardian Pharmacy of Atlanta, LLC's motion for interlocutory appeal [ECF 245]. For the following reasons, Guardian's motion is **DENIED**.

## I.   BACKGROUND

This vigorously litigated case has been pending for over five years. On September 30, 2023, the Court issued a 111-page order (the Summary Judgment Order) denying cross-motions for summary judgment and ruling on six motions to seal, four motions to exclude expert testimony, three motions to exclude evidence, four motions for leave to file supplemental authority, and one motion to strike.[1] On October 11, the Court set a date for trial.[2] Two weeks later, Guardian filed its motion for interlocutory appeal, suggesting that "gross inefficiencies"

---

[1]   ECF 226.

[2]   Oct. 11, 2023 D.E. (Order Setting Trial Schedule).

would result if the Court allowed this litigation to culminate anytime soon.[3] Sadly, litigation is often not a model of efficiency. But efficient or not, this case is still headed for trial.

## II.   DISCUSSION

Plaintiff Henry Heller alleges that Guardian is liable under one law (the False Claims Act) by virtue of having violated another (the Anti-Kickback Statute). Heller has proposed two legal theories to explain how Guardian's alleged Anti-Kickback Statute violations *caused* violations of the False Claims Act—to answer what might be called the causation question. First, Heller argues that Guardian is liable under 42 U.S.C. § 1320a-7b(g), which provides that a claim "resulting from" an Anti-Kickback Statute violation constitutes a False Claims Act violation: this is the statutory causation theory. Second, given that violating the Anti-Kickback Statute renders the violator ineligible for the prescription medication reimbursement that Guardian received, Heller posits that Guardian is liable under the False Claims Act if it violated the Anti-Kickback Statute and filed for reimbursement anyway: this is the implied certification causation theory.

---

[3]   ECF 245, at 2. Both of Guardian's briefs in support of its motion violate the formatting requirements in the Court's Local Rules. LR 5.1(C)(2), NDGa. Had Guardian's reply brief been properly formatted, it would have exceeded the 15-page limit for reply briefs. LR 7.1(D), NDGa. Future papers filed by Guardian that violate either the formatting requirements or the page limitations will be stricken without notice.

The nuances differentiating Heller's statutory and implied certification theories were not at issue at summary judgment, where the only question regarding causation was whether the Court should apply the narrow, "but-for" standard endorsed by the Fourth Circuit in *United States ex rel. Cairns v. DS Medical*, 42 F.4th 828 (4th Cir. 2022), or the "less exacting standard" imposed by a line of Eleventh Circuit cases beginning with *McNutt ex rel. United States v. Haleyville Medical Supplies, Inc.*, 423 F.3d 1256 (11th Cir. 2005).[4] The Court elected for the latter.[5] The Summary Judgment Order did not specify whether *McNutt* governed causation by statute under § 1320a-7b(g), implied certification, or both. But that is because the parties hadn't raised the issue. In the hundreds of pages of briefing that preceded the Summary Judgment Order, Guardian never discussed implied certification and Heller only mentioned it once (in an explanatory parenthetical on material falsity).[6] To the extent that Guardian addressed causation in its summary judgment briefing at all, it advised the Court *against* deciding whether Heller must prove but-for causation.[7] The Summary Judgment Order did so anyway.[8]

---

[4]   ECF 226, at 88.

[5]   *Id.* at 87.

[6]   ECF 146-1, at 41.

[7]   ECF 178, at 36.

[8]   ECF 226, at 87.

Now, having been denied summary judgment, Guardian sees fit to argue that the case should not proceed until the Eleventh Circuit decides whether but-for causation is the correct standard.[9] Guardian asks for certification of the following question:

> Whether, under 42 U.S.C. § 1320a-7b(g), an Anti-Kickback Statute violation must be a but-for cause of a subsequent claim for that claim to be punishable under the False Claims Act.[10]

Regardless of how the Eleventh Circuit interprets § 1320a-7b(g), however, the Court has already determined that Heller's alternative theory of causation, implied certification, should proceed to trial. Thus, an interlocutory appeal would not materially advance the termination of this case and is not appropriate here.

### A.    Legal Standard

Under 28 U.S.C. § 1292(b), a district court may certify a question for interlocutory appeal, before entry of final judgment, if certain criteria are met. However, the Eleventh Circuit has cautioned against "too expansive use" of such appeals. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Circ. 2004), *abrogated on other grounds as stated in White Sands Grp., L.L.C. v. PRS II, LLC*, 32 So.3d 5 (2009). "[L]iberal use" of § 1292(b) is bad policy because "piecemeal appeals" are

---

9    ECF 245, at 1.

10    *Id.* at 1.

bad policy. *McFarlin*, 381 F.3d at 1259. Interlocutory appeals should be the "rare exception" to the rule that the "great bulk" of appellate review occurs after final judgment. *Id.* at 1264.

Nevertheless, an appeal under § 1292(b) is proper for a question (1) "of law," (2) over which exists "substantial ground for difference of opinion," (3) that is "controlling" such that an immediate appeal "may materially advance the ultimate termination of the litigation." *Id.* at 1257. The Eleventh Circuit has elaborated on each of these three requirements. First, the question must be one of "what might be called 'pure' law," capable of being packaged as "an abstract legal issue" that the court of appeals "can decide quickly and cleanly without having to study the record." *Id.* at 1258. Second, for a substantial ground for difference of opinion to exist, the district court and the Eleventh Circuit cannot be "in complete and unequivocal agreement." *Id.* Third, an appeal that materially advances the case will "serve to avoid a trial or otherwise substantially shorten the litigation." *Id.* at 1259.

### B.    Interlocutory Appeal Will Not Materially Advance the Ultimate Resolution of This Case.

If certifying Guardian's question for appeal would not potentially eliminate the need for trial, it cannot possibly advance the ultimate termination of this litigation, materially or otherwise. And certifying Guardian's question for appeal does not eliminate the need for trial because Guardian's question only implicates

Heller's *statutory* causation theory. Even if § 1320a-7b(g) were interpreted to impose but-for causation, Heller's implied certification theory would, pursuant to the Summary Judgment Order, proceed to trial under *McNutt*. Interlocutory appeal is inappropriate where, as here, resolving the question "would not get rid of any of the other claims," *McFarlin*, 381 F.3d at 1262, or where "the same parties and issues would remain in [the] district court regardless of [the] resolution of [the] issues on appeal," *id.* at 1259.

Guardian's arguments to the contrary are, in effect, arguments that the Court's Summary Judgment Order got it wrong.[11] Maybe so. But a § 1292(b) motion is not a forum for relitigating past rulings, nor for exploring arguments and cases that Guardian wishes it had found earlier. Nevertheless, because Guardian's briefing raised serious substantive objections about the Summary Judgment Order's reliance on *McNutt*, the Court finds it beneficial to clarify its view on the causation standard in implied certification cases.

First, Guardian argues that *McNutt*, decided in 2005, was implicitly overruled in 2010 by the passage of § 1320a-7b(g), or in 2016 by the Supreme Court via *Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016),

---

[11] The legal arguments raised by Pharmaceutical Research and Manufacturers of America (PhRMA), as *amicus curiae*, largely echo Guardian's. *See* ECF 265. To the extent that PhRMA raises policy concerns about False Claims Act litigation generally, they are not a basis on which to grant interlocutory review here.

or in 2020 by the Eleventh Circuit via *Ruckh v. Salus Rehabilitation, LLC*, 963 F.3d 1089 (11th Cir. 2020).[12] But as explained in the Summary Judgment Order, Guardian's position is belied by the Eleventh Circuit's continued invocation of *McNutt* over the past decade[13] — including in *Ruckh* itself, 963 F.3d at 1103. It is not this Court's place to prematurely retire case law that the Eleventh Circuit continues to reference with regularity. *McNutt* remains binding until higher authority says otherwise. The Court's reliance on *McNutt* and its progeny was proper.

Second, Guardian argues in its reply brief, apparently for the first time in this litigation, that *Escobar* and *Ruckh* control causation in implied certification cases.[14] But this argument is just as unavailing now as it would have been had Guardian properly raised it at summary judgment. *Escobar* and *Ruckh* concerned the False Claims Act's *materiality* requirement. Materiality governs the relationship between an alleged misrepresentation and the *government's payment decision*. *Escobar*, 579 U.S. at 181. Causation, by contrast, governs the relationship between an alleged misrepresentation and the *defendant's filing decision*. Materiality is a

---

12   *Id.* at 10–11.

13   ECF 226, at 86.

14   *Id.* at 11.

distinct requirement from causation, each with its own elements. *See id.* at 194–95. *Escobar* and *Ruckh* do not change the Court's causation analysis.

Third, Guardian argues that § 1320-7b(g) bears on the causation requirement under implied certification.[15] Controlling case law instructs otherwise. In *Urquilla-Diaz v. Kaplan University*, 780 F.3d 1039, 1045 (11th Cir. 2015), the Eleventh Circuit expressly adopted implied certification as a viable theory for False Claims Act liability five years *after* § 1320-7b(g)'s passage. According to *Urquilla-Diaz*, a plaintiff alleging implied certification must prove four elements: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *Id.* Notably, *Urquilla-Diaz* neither cites to § 1320a-7b(g) nor requires a causative relationship between the underlying violation and the alleged false claim.

Where *Urquilla-Diaz* discusses causation, it is to determine whether a defendant's conduct caused the underlying violation, not to determine whether the underlying violation caused a subsequent claim. *Urquilla-Diaz*'s reasoning in reversing a lower court's dismissal of an implied certification claim is illustrative. There the plaintiff alleged that the defendant—Kaplan University—had violated the False Claims Act by collecting federal funding despite falsely certifying its

---

[15]   ECF 259, at 4.

8

compliance with Title IV of the Higher Education Act. *Id.* at 1052. In analyzing the sufficiency of the cause of action, the appellate court asked only whether the plaintiff's allegations supported the conclusion that Kaplan's conduct caused a violation of Title IV (not whether Kaplan's alleged Title IV violations caused Kaplan's subsequent claim for federal funding). *Id.* at 1053–54. Based on plausible allegations that Kaplan violated the Higher Education Act, and on that basis alone, the court concluded that the plaintiff had sufficiently alleged a False Claims Act violation. *Id.* at 1055. *Urquilla-Diaz* is thus entirely consistent with both *McNutt* and the Court's Summary Judgment Order: there is no but-for causation requirement to implied certification in the Eleventh Circuit.[16]

Guardian, perhaps understanding this, pivots in its reply to yet a different argument: even if Heller's implied certification theory does "circumvent"

---

[16] *Urquilla-Diaz* is also consistent with *Cairns*, the out-of-circuit authority on which Guardian heavily relies. *Cairns* held that § 1320a-7b(g) requires but-for causation. 42 F.4th at 831; *see also United States ex rel. Louderback v. Sunovion Pharm., Inc.*, 2023 WL 8188879 (D. Minn. Nov. 27, 2023) (dismissing claims under the False Claims Act for failure to plead but-for causation under § 1320a-7b(g)). But *Cairns* explicitly restricted its "narrow" ruling to situations in which "a plaintiff's *sole theory at trial* hinged on [§ 1320a-7b(g)]." *Id.* at 836–37 (emphasis added). And it cautioned against applying but-for causation to "every case arising under the False Claims Act." *Id.* at 836. *Cairns* seemed to consciously accommodate theories in which False Claims Act liability is premised on an underlying legal violation independent of § 1320a-7b(g) — theories like implied certification.

§ 1320a-7b(g),[17] interlocutory appeal is still appropriate because it would give the Eleventh Circuit "power to review the entire order."[18] Under that power, the appellate court could assess "the validity of any implied-certification theory that Heller may contend bypasses § 1320a-7b(g)."[19] And so Guardian shows its hand.

This motion is not only about the statutory interpretation of § 1320a-7b(g). In fact, Guardian has given the Court the question it really wants answered: "whether or how an implied-certification theory can substitute for the showing required by § 1320a-7b(g) in an [Anti-Kickback Statute]-based [False Claims Act] case like this one."[20] But such "case-specific" questions, *Mamani v. Berzain*, 825 F.3d 1304, 1313 (11th Cir. 2016), presenting "mixed [questions] of law and fact," *Nice v. L-3 Commc'ns Vertex Aerospace LLC*, 885 F.3d 1308, 1313 (11th Cir. 2018), are patently inappropriate for interlocutory appeal. Guardian will have every opportunity to challenge the Court's legal rulings, delve into the mechanics of implied certification, and litigate the continued viability of *McNutt*—but not until after trial.

---

17  ECF 259, at 1–2.

18  *Id.* at 4.

19  *Id.* at 5.

20  *Id.* at 1–2.

### III.   CONCLUSION

Guardian's motion for interlocutory appeal [ECF 245] is **DENIED**.


**SO ORDERED** this 9th day of January, 2024.

_____
Steven D. Grimberg
United States District Judge